**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 13, 2023

LETTER TO COUNSEL

RE: *Linda V. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. SAG-22-3260

Dear Counsel:

On December 18, 2022, Plaintiff Linda V. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF 1. I have considered the record in this case, the parties' dispositive filings,[1] and Plaintiff's reply. ECFs 9, 11, 14, and 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I grant the defendant's motion for summary judgment and affirm the Commissioner's decision. This letter explains my rationale.

Plaintiff filed her DIB application under Title II on July 22, 2019, and protectively filed her SSI application under Title XVI on August 6, 2019, with both applications alleging a disability onset date of June 21, 2019. Tr. 101–18. Her claims were denied initially and on reconsideration. Tr. 99–102, 139–40. On March 29, 2022, an Administrative Law Judge ("ALJ") held a hearing.[2] Tr. 44–88. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 17–37. The Appeals Council denied Plaintiff's request for review, Tr. 1–8, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Standing Order 2022-04 amended the Court's procedures regarding Social Security appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties are to file briefs rather than motions for summary judgment. Here, Plaintiff filed a brief, and Defendant filed a motion for summary judgment.

[2] Plaintiff's case first went before an ALJ on August 10, 2021, but Plaintiff requested that the hearing be postponed until a consultative examination could be performed. Tr. 89–98.

The ALJ found that Plaintiff suffered from the severe impairments of "Dysfunction of Major Joints/osteoarthritis (Ankle and Right Knee) and Obesity" and the non-severe impairments of "Chronic Obstructive Pulmonary Disease ('COPD'), asthma, diabetes mellitus, hyperlipidemia, hypertension, Obstructive Sleep Apnea ('OSA'), and narcolepsy." Tr. 20. The ALJ next determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite Plaintiff's impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: She is able to stand and walk up to 4 hours in an 8-hour workday and is able to sit up to 6 hours in an 8-hour workday. She is occasionally able to climb ramps or stairs but never able to climb ladders, ropes or scaffolds. She is frequently able to balance and occasionally able to stoop, crouch, kneel, or crawl. She must avoid work at unprotected heights. She is limited to frequent use of the right lower extremity for pushing/pulling or operation of foot controls. She must avoid concentrated exposure to extreme heat or humid conditions and must avoid concentrated exposure to fumes, odors, dusts, gases or other pulmonary or environmental irritants.

Tr. 21–22. The ALJ determined that Plaintiff was unable to perform past relevant work as a cook but that she could perform other jobs that existed in significant numbers in the national economy, such as office helper, counter attendant, and cashier. Tr. 26–28. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 28.

Plaintiff raises a single overarching argument on appeal, asserting that the case must be remanded because "the ALJ made inconsistent, unexplained, and unsupported findings regarding [Plaintiff's] use of a hand-held assistive device, a device which would have had a significant impact on her ability to perform light work." ECF 11, at 3 (capitalization deleted). Defendant counters that the ALJ's analysis was "thorough," "careful," and, ultimately, adequate. ECF 14-1, at 5–15.

Plaintiff argues that the evidence of record demonstrated her medical necessity for a hand-held assistive device, and that therefore the ALJ was required to either include a limitation in the RFC relating to Plaintiff's alleged need for a hand-held assistive device or explain why such a limitation was not included. *See* ECF 11, at 5–10. In response, Defendant asserts that the ALJ correctly found that there was insufficient evidence in the record to demonstrate that Plaintiff's use of a hand-held assistive device was medically required and that, as such, there was no requirement that the ALJ include a corresponding limitation in the RFC or explain his decision not to do so. ECF 14-1, at 5–15. Defendant is correct.

When performing an RFC assessment, an ALJ is tasked with considering all relevant evidence, including a claimant's medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source

statements, evidence from attempts to work, need for a structured living environment, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (S.S.A. July 2, 1996); *see also* 20 C.F.R. §§ 416.929, 416.945. In determining the RFC, "the ALJ must *both* identify evidence that supports his conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (emphasis in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). While the ALJ must consider all of the evidence in the record, they need not find all of that evidence persuasive, so long as they explain their findings. *See Monroe*, 826 F.3d at 190 (noting that an ALJ is legally permitted to discredit evidence such as a claimant's testimony, so long as the ALJ provides "a clear[] explanation of [their] reasons for doing so").

Here, the ALJ properly considered the evidence of record regarding Plaintiff's alleged need for a hand-held assistive device and found that Plaintiff "does not have a documented need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands." Tr. 21. Plaintiff claims this conclusion is inconsistent with the ALJ's "implicit" findings. *See* ECF 11, at 4–5. Plaintiff points to the ALJ's acknowledgment that one of the medical opinions in the record noted that Plaintiff used a hand-held assistive device and asserts that this equates to the ALJ having "implicitly found that [Plaintiff] required a walker/cane to get around." *Id.* at 5 (citing Tr. 24). Plaintiff also argues that because the ALJ found the reports of the state agency medical consultants to be unpersuasive based in part upon the reports' inconsistency with the consultants' "notes regarding [Plaintiff's] reported need for a walker or cane to help her get around," the ALJ "implicitly found" that Plaintiff required a hand-held assistive device. *Id.* at 4 (citing Tr. 25).

Plaintiff incorrectly conflates several concepts in this argument. First, Plaintiff mistakes the ALJ's recitation of evidence with a finding that such evidence is persuasive. *See id.* at 4–9. In noting that medical providers observed Plaintiff using a hand-held assistive device, the ALJ merely provided the facts upon which he based his conclusion; he made no announcement of his findings. *See Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) ("[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."). Thus, the fact that the ALJ here summarized reports of medical providers which noted, without evaluation, Plaintiff's use of a hand-held assistive device does not indicate that the ALJ made any finding that Plaintiff required the use of such a device. Tr. 24–25. Remand is not warranted on this point.

Next, I am unpersuaded that the ALJ "implicitly found" that Plaintiff requires a hand-held assistive device because the ALJ found the opinions of the state agency medical consultants to be unpersuasive partially based on the opinions' inconsistency with other parts of the record. ECF 11, at 4. An ALJ's finding that a medical opinion is unpersuasive because it is inconsistent with the rest of the record does not necessarily indicate that the ALJ finds any one specific piece of evidence from the rest of the record persuasive; it merely means that the medical opinion in question is afforded less persuasive value because it does not align with the rest of the evidence *overall*. *See Morton v. Saul*, Civ. No. 2:19-cv-92 RLW, 2021 WL 307552, at *7 (E.D. Mo. Jan. 29, 2021) ("[A]n opinion is more persuasive if it is more consistent with the *overall evidence as*

*whole*" (emphasis added)). As such, the ALJ's decision to afford less weight to the state agency medical consultants' opinions after contrasting those opinions with the rest of the record—including Plaintiff's reported use of a hand-held assistive device—does not indicate that the ALJ specifically found that the use of such a device was medically necessary. Tr. 24–25. Again, remand is not warranted on this point.

Finally, Plaintiff mistakes providers' notes on Plaintiff's self-reported need for a hand-held assistive device as a "documented need" for a hand-held assistive device. *See* ECF 11, at 3. "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9p, 1996 WL 374185, at *7 (S.S.A. July 2, 1996). Self-reported use of a hand-held assistive device alone is not sufficient to demonstrate that such a device is medically required. *See Anang v. Colvin*, Civ. No. JKS-12-3431, 2014 WL 576296, at *3 (D. Md. Feb. 11, 2014) (finding that use of a cane was not medically required when claimant reported use of a cane, but no medical provider described the circumstances under which the claimant required a cane).

This case resembles *Morgan v. Commissioner, Social Security*, Civ. No. JKB-13-2088, 2014 WL 1764922 (D. Md. Apr. 30, 2014). The claimant in that case alleged that the ALJ erred by failing to properly evaluate the medical necessity of the claimant's use of a cane. *Id.* at *1. As in this case, the *Morgan* claimant's use of the cane had not been prescribed by a doctor, and despite the claimant's "consistent complaints of hip pain," the Court agreed with the ALJ that "the objective medical evidence in the record [did] not substantiate the medical necessity of a cane." *Id.* In support of this assessment, the Court noted that the claimant had reported no pain during an exam of his hip and that the claimant's physician had noted "normal gait during examinations." *Id.* The claimant pointed to his primary care doctor who stated that the claimant "need[ed] [a] cane to stand," but the Court found that this, without elaboration or additional evidence, was not enough to warrant a finding that the cane was "medically necessary." *Id.* (citing *Anang*, 2014 WL 576296, at *2).

Here, as in *Morgan*, Plaintiff has no prescription to support her use of a hand-held assistive device. Indeed, even though Plaintiff has similar subjective complaints to the claimant in *Morgan*, there is even less objective medical evidence to support her claim, because though her medical providers noted her use of a hand-held assistive device, they never expressed any opinion that she needed such a device. *Cf. Morgan*, 2014 WL 1764922, at *1. Thus, the ALJ did not err by finding that Plaintiff "does not have a documented need" for an assistive device. Tr. 21. As such, Plaintiff's contention that this case should be remanded because the ALJ failed to consider Plaintiff's use of a hand-held assistive device is without merit.

For the reasons set forth herein, Defendant's motion for summary judgment, ECF 14, is granted. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE this case.

*Linda V. v. Kijakazi*
Civil No. SAG-22-3260
September 13, 2023
Page 5

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                    Sincerely yours,

                    /s/
                  Stephanie A. Gallagher
                  United States District Judge